**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMIR M. HAMZA,<br>Plaintiff,<br>v.<br>UNITED CONTINENTAL HOLDINGS, LLC, OSCAR MUNOZ, MARK DICARLO, STACY KATZ, MARK HASSEL, ALEX BARRETO, SANDRA SALES, MARY STURCHIO,<br>Defendants. | Civil Action No. 19-cv-08971 (ES)(CLW)<br><br>**<u>OPINION & ORDER</u>** |

**THIS MATTER** comes before the Court on *pro se* Plaintiff's motion for the appointment of *pro bono* counsel. (ECF No. 2). For the reasons set forth below, the application is **DENIED**.

It is well-established that there is no constitutional right to counsel in a civil action. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)). However, the Court may request, though not require, an attorney to represent a civil litigant. *Id.* (citing 28 U.S.C. § 1915(e)(1)); *see also Christy v. Robinson*, 216 F. Supp. 2d 398, 406, n.16 (D.N.J. 2002) (citing *Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301-02 (1989)). Although the Court has broad discretion to determine whether the appointment of counsel in a civil matter is appropriate, the Court "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458).

To determine whether to appoint counsel for an indigent litigant in a civil case, the Court first must make a threshold assessment of the merit of one's case such that there must be "some arguable merit in fact and law." *Montgomery*, at 498-99; *Parham*, 126 F.3d at 457; *Tabron v.*

*Grace*, 6 F.3d 147, 155-57, n.5 (3d Cir. 1993). If there exists some merit, the Court should then consider the following factors:

    1)     the plaintiff's ability to present his own case;
    2)     the complexity of the legal issues;
    3)     the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
    4)     the amount a case is likely to turn on credibility determinations;
    5)     whether the case will require the testimony of expert witnesses; and
    6)     whether the plaintiff can attain and afford counsel on his own behalf.

*Tabron*, 6 F.3d at 156-57. Assuming for the purposes of this application that the threshold merits requirement is met, the court will apply the above factors.

First, the Court must consider whether Plaintiff can present his own case. Generally, courts consider the litigant's education, literacy, prior work experience, and other restraints placed upon the litigant. *Tabron*, 6 F.3d at 156. Notably, a lack of legal training is common to *pro se* litigants and is insufficient to warrant appointment of counsel. *Krider v. Heron*, No. 06-3231, 2007 WL 2300709, at *2 (D.N.J. Aug. 3, 2007). The Court finds that this factor weights against the appointment of pro bono counsel. In his application, Plaintiff contends that an attorney is needed because of Plaintiff's "substantial legal capacity as a multinational corporation" and because an attorney can guide the Plaintiff on "wording, laws and statutes which were violated, and case precedent." (ECF No. 2 at 3). Aside from this, Plaintiff does not make any specific representations about his inability to participate in this litigation. The Court finds that Plaintiff is sufficiently literate and competent. Furthermore, there appears to be no special circumstances such as lack of access to a computer, incarceration, or limited English proficiency, that weigh in favor of pro se litigants with respect to the first Tabron factor. *See Tabron*, 6 F.3d at 156.

The second factor for consideration is the complexity of the legal issues presented in the case. The Third Circuit has explained that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Tabron*, 6 F.3d at 156 (*citing Maclin v. Freake*, 650 F.2d 885, 889 (7th Cir. 1981)). Here, Plaintiff alleges workplace injury and retaliation. (Complaint, ECF No. 1, at 3). The Court finds that because this area of law, including any defenses that Plaintiff may present, is well-settled and relatively straightforward, the second *Tabron* factor does not support the appointment of pro bono counsel.

Third, courts must consider the need for factual investigation and the plaintiff's ability to gather the facts necessary to support his claim. *Montgomery*, 294 F.3d at 503. "Courts should further consider that 'it may be difficult for indigent plaintiffs to understand the complex discovery rules' in investigating their claims." *Montgomery*, 294 F.3d at 503 (*citing Parham*, 126 F.3d at 460). Plaintiff does not articulate any difficulties with discovery, nor does he assert that he cannot use the tools of the discovery process himself. Consequently, the third *Tabron* factor points against granting Plaintiff's motion.

Next, the Court must consider whether a case is likely to turn on credibility determinations. "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." *Parham*, 126 F.3d at 460. When several witnesses dispute certain relevant facts, the case likely involves credibility determinations. *Tabron,* 6 F.3d at 158. In his application, Plaintiff does not include any concerns about credibility determinations, and the Court cannot draw any inferences about the nature of potential factual disputes based on the undeveloped record at hand. The Court may also appoint counsel where the case will require expert testimony. *Tabron*, 6 F.3d at 156. Plaintiff does not assert that his case will require expert testimony, and there is no clear

indication at this early stage if an expert will become necessary. Accordingly, the Court finds that these factors do not favor Plaintiff's application.

Finally, the Court must consider whether the Plaintiff can afford counsel. *Tabron*, 6 F. 3d at 156. Typically, courts first look to whether the movant has applied for and been granted *in forma pauperis* status prior to considering a motion for the appointment of pro bono counsel. *Montgomery*, 294 F. 3d at 505; *see also Salermo v. Corzine*, No. 06-3547, 2007 WL 316421, at *3 (D.N.J. Jan. 29, 2007) ("indigence is a prerequisite for the appointment of counsel."). Here, the District Judge previously found that that Plaintiff qualifies for *in forma pauperis* status pursuant to 28 USC § 1915. (ECF No. 3). While this factor weighs in Plaintiff's favor, this fact alone is not enough to justify an order of appointment. *See Christy*, 216 F. Supp. 2d at 410-11 (denying application for pro bono counsel where indigency was the "only one of the six factors . . . weigh[ing] in favor of appointment of counsel. . . .").

Upon review of the docket and Plaintiff's application for the appointment of counsel, the Court finds that Plaintiff has failed to present sufficient evidence to support the appointment of pro bono counsel at this time and therefore denies Plaintiff's application without prejudice. Plaintiff may renew his application upon a change in circumstances.

**ACCORDINGLY, IT IS** on this 6th day of September, 2019,

**ORDERED** that Plaintiff's motion for the appointment of *pro bono* counsel (ECF No. 2) is denied;

**ORDERED** that the Clerk shall terminate ECF No. 2; and

**ORDERED** that the Clerk shall transmit this Order via certified mail, return receipt requested, to Plaintiff.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**